NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| TERRANCE DARBY, : | **Hon. Dennis M. Cavanaugh** |
| Petitioner, : | |
| : | **OPINION** |
| v. : | |
| : | Crim. No. 10-1437 (DMC) |
| UNITED STATES OF AMERICA, : | |
| : | |
| Respondent. : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon *pro se* Petitioner Terrance Darby's ("Petitioner") motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on the grounds of ineffective assistance of counsel. The Court has reviewed the submissions of the parties, and for the reasons set forth below, Petitioner's request for relief is **denied**.

## I. FACTUAL BACKGROUND[1]

On January 6, 2006, Petitioner was found guilty by a jury verdict on three counts: Count One, Possession with Intent to Distribute Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); Count Two, Possession of a Firearm in Furtherance of a Crime in violation of 18 U.S.C. § 924(C); and Count Three, Possession of a Weapon by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1). Prior to sentencing, the United States District Court Probation Office prepared a Pre-sentence Investigation Report ("PSR") and determined that because Petitioner was a Career

---

[1] The facts in the Background section have been taken from the parties' submissions.

Offender, the appropriate Guideline range according to the United States Sentencing Guidelines Manual was 360 months to Life imprisonment. See U.S.S.G. § 4B1.1(c)(3). The PSR also suggested that Petitioner should not receive an adjustment for Acceptance of Responsibility pursuant to § 3E1.1, nor were there any factors that warranted a departure or variance from the Guidelines.

On April 3, 2006, the Court sentenced Petitioner to a term of imprisonment of 240 months on Count One, and 60 months each on Counts Two and Three, all to be served consecutively, for a total of 360 months. See Government's Answer to Petitioner's 2255 Motion "Gov't Br." Ex. B. at 9 -10. Throughout all phases of trial and sentencing, Petitioner was represented by Thomas J. Butler, Esq.

After the Court's sentencing proceeding, Petitioner filed a Notice of Appeal to the Court of Appeals for the Third Circuit, and on March 28, 2007, retained Paul W. Bergrin, Esq., to represent him in his appeal. Subsequently, the Government filed a motion to remand the case due to a conflict of interest by Mr. Bergrin, which was granted on May 2, 2007. After two proceedings by the Court, Petitioner waived any and all conflict of interests that might arise during the course of appeal, and the District Court permitted Petitioner to be represented by Mr. Bergrin. See Gov't Br. Ex. C at 10. On January 13, 2009, the Court of Appeals for the Third Circuit affirmed Petitioner's judgment of conviction.

Thereafter, on March 17, 2010, Petitioner filed the instant *habeas* petition pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on the grounds of ineffective assistance of counsel.

## II.  DISCUSSION

Petitioner raises seven claims in support of his motion for *habeas* relief under 28 U.S.C. §

2255. Five of Petitioner's claims allege that he was deprived of his right to effective assistance of counsel at both the trial and appellate stages. The remaining claims are directed towards the Court's calculations, reasoning, and treatment of the Guidelines at the sentencing stage.

A.  STANDARD OF REVIEW

    1.  **28 U.S.C. § 2255**

28 U.S.C. § 2255 permits a court to vacate, correct, or set aside a sentence that was "imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the minimum authorized by law, or is otherwise subject to collateral attack." See 28 U.S.C. § 2255. Section 2255 may not, however, "be employed to relitigate questions which were raised and considered on direct appeal." United States v. DeRewal, 10 F.3d 100, 105 n.4 (3d Cir. 1993). In the event a petitioner does not raise a claim on direct appeal, it "may not be raised on collateral review unless the petitioner shows cause and prejudice." Massaro v. United States, 538 U.S. 500, 504 (2003); but see United States v. Rieger, 942 F.2d 230, 235 (3d Cir. 1991) (explaining "the failure to raise an ineffective assistance of counsel claim [under § 2255] on direct appeal should not be treated as procedural fault").

In addition, the Court is mindful that the papers of a *pro se* litigant, like Petitioner in this case, are held to less demanding standards than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972); United States v. Otero, 502 F.3d 331, 334 (3d Cir. 2007).

    2.  **Ineffective Assistance of Counsel**

In order to succeed on an ineffective assistance of counsel claim, Petitioner must establish that (1) counsel's performance was deficient and (2) this inadequate representation "prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); Williams v. Taylor, 529 U.S. 362,

390-1 (2000); Jacobs v. Horn, 395 F.3d 92, 102 (3rd Cir. 2005). The yardstick for measuring any claim of ineffective assistance is whether counsel's decisions rendered the trial "fundamentally unfair or unreliable." Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993).

The clearly established Federal law, as determined by the Supreme Court of the United States, is the standard for ineffective assistance of counsel as enunciated in Strickland v. Washington. Under Strickland, a petitioner seeking to prove a Sixth Amendment violation must demonstrate that his counsel's performance fell below an objective standard of reasonableness, assessing the facts of the case at the time of counsel's conduct. See id. at 688-89; Jacobs v. Horn, 395 F.3d 92, 102 (3d Cir. 2005); Keller v. Larkins, 251 F.3d 408, 418 (3d Cir. 2001), cert. denied, 534 U.S. 973 (2001). Counsel's errors must have been "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 688. "In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." Id.

A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." Id. at 689 (citations omitted); see also Virgin Islands v. Weatherwax, 77 F.3d 1425, 1431 (3d Cir. 1996), cert. denied, 519 U.S. 1020 (1996). A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.

If able to demonstrate deficient performance by counsel, the petitioner must also show that counsel's substandard performance actually prejudiced his defense. See Strickland, 466 U.S. at 687.

Prejudice is shown if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The reviewing court must evaluate the effect of any errors in light of the totality of the evidence. See id. at 695-96. Thus, the petitioner must establish both deficient performance and resulting prejudice in order to state an ineffective assistance of counsel claim. See id. at 697; see also Jacobs, 395 F.3d at 102.

    **B.**    **ANALYSIS**

        **1.**    **Trial Counsel**

Petitioner's first four arguments are each to the effect that his trial counsel, Thomas J. Butler, Esq., rendered ineffective assistance in violation of the Sixth Amendment. More specifically, Petitioner contends: first, his attorney was ineffective for failing to request that the Court, pursuant to 18 U.S.C. § 3553(c), state its reasons for requiring that Counts One and Three be served consecutively; second, for failing to request that the Court, pursuant to § 3553(c)(1), state its reasons for imposing the sentence at the particular point within the Guideline range; third, for failing to request that the Court treat the Sentencing Guidelines as advisory, and to consider the § 3553(a) factors when determining the sentence; and fourth, for failing to inform Petitioner that he could take an open plead, which would have given him the benefit of a three-level downward adjustment for Acceptance of Responsibility under U.S. Sentencing Guidelines Manual § 3E1.1. Petitioner's Memorandum in Support of § 2255 Motion "Pet'r Br." at 3 - 9.

As detailed below, the performance of Petitioner's trial counsel neither fell below the standard of reasonableness expressed in Strickland, nor would his arguments have altered the outcome if raised.

### i.  First Claim

Turning to Petitioner's first claim, Petitioner asserts that his attorney's performance was deficient because he failed to request that the Court state its reasons for not grouping Counts One and Three, which resulted in a sentence of an additional 60 months imprisonment. In order to prevail on a successful ineffective assistance of counsel claim then, Petitioner must establish that counsel's deficient performance prejudiced his case. Strickland, 466 U.S. at 687.  Petitioner is unable to do so here.

As the Government correctly notes, Petitioner's sentence was calculated in accordance with the United States Sentencing Guidelines Manual §§ 4B1.1(c)(2)(B) and 4B1.1(c)(3).  Pursuant to the Sentencing Guidelines, Petitioner's offense level of 32 and criminal history category of VI placed him in the Guideline range for imprisonment of 210 to 262 months, in addition to the 60 month consecutive term on Count Two, for a Guideline range of 270 - 320 months.  In light of the fact that Petitioner was convicted of 18 U.S.C. § 924(c), the Guideline range became 360 months to Life. See U.S.S.G. § 4B1.1(c)(3).  The Court did not impose a sentence of an additional 60 months because of counsel's failure to raise the argument, but rather, because the Sentencing Guidelines advised the Court to do so.  Therefore, counsel's failure to argue that the Court state its reasons for imposing the sentence cannot give rise to the requisite prejudice needed to sustain Petitioner's claim because the outcome would not have been different. See Strickland, 466 U.S. at 691 ("An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."); see also United States v. Hall, 2010 U.S. Dist. LEXIS 43754, *8, 2010 WL 1816796, *3 (E.D.Pa. May 4, 2010)  ("An attorney cannot be ineffective for failing to raise a claim that lacks merit.") (citing Moore v. Deputy Comm'r of SCI-Huntington, 946

F.2d 236, 245 (3d Cir. 1991)).

### ii. Second Claim

Petitioner's second claim is equally unavailing. Petitioner argues that "because the court teradted [sic] the Petitioner as a career offender, counsel should have argued for a variance or departure from the applicable Guideline given the fact that the court did not state its reasons for starting at that point other than the obvious reason for career offender." Pet'r Br. at 6. In other words, Petitioner contends that the Court failed to comply with 18 U.S.C. § 3553(c)(1) in sentencing him to 360 months, and his attorney's performance was deficient for not alerting the Court of its error.

Pursuant to Section 3553(c)(1), "the court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence," and if the Guideline range exceed 24 months, "the reason for imposing a sentence at a particular point within the range." 18 U.S.C. § 3553(c)(1); see also United States v. Foley, 218 Fed. App'x 139, 145 (3d Cir. 2007) (unpublished). In doing so, Section 3553(c)(1) "obligates a district court to 'give concrete reasons' for its sentence." United States v. Lloyd, 469 F.3d 319, 325 (3d Cir. 2006) (quoting United States v. Gricco, 277 F.3d 339, 363 (3d Cir. 2002)). The Third Circuit, however, recognizes that a "court can provide 'concrete reasons' for its sentence without speaking at great length" or "even without mentioning [Section 3553(c)(1)]." Id. at 326. In Lloyd, for example, the Third Circuit concluded that the district court's references to the defendant's criminal record, co-defendants' sentences, and danger of his crime to society sufficiently satisfied Section 3553(c)(1). See id.

In the case at bar, before announcing the sentence, the Court preliminarily commented on Petitioner's total offense level of a 32, criminal history category of VI, Petitioner's status as a career

offender, and the length of the sentence as advised by the Guideline range, as the grounds for imposing the sentence. See Gov't Br. Ex. B at 4. Additionally, the Court stated that it read and considered letters submitted by Petitioner's family on his behalf. Id. at 5. The Court further explained that it was "faced with a jury verdict after a trial where a jury found [Petitioner] guilty of these offenses. [The Court] can't disregard that. [The Court] just [doesn't] have the authority to disregard that." Id. at 8. Finally, the Court stated, "[s]o that verdict, coupled with your prior history, places you in a very, very difficult situation, and the minimum that I'm looking at here is 360 months–the minimum."[2] Id. at 9. As in Lloyd, here, the commentary and considerations discussed by the Court are sufficiently concrete to satisfy the Court's obligations under Section 3553(c)(1). See Lloyd, 469 F.3d at 326. Thus, Petitioner's attorney had no basis for raising arguments to the contrary and as a result, Petitioner cannot succeed on a claim for ineffective assistance under Strickland.

### iii. Third Claim

As for his third claim, Petitioner argues that the Court treated the Guidelines as mandatory and failed to explicitly address its consideration of the pertinent sentencing factors set forth in 18 U.S.C. § 3553(a). Pet'r Br. at 6- 8. By not alerting the Court of these alleged deficiencies during the sentencing hearing, Petitioner now asserts that he was denied his Sixth Amendment right to effective counsel. The Court does not agree.

"The district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." United States v. Booker, 543 U.S. 220, 264 (2005).

---

[2] Contrary to Petitioner's contention, the Court imposed a 360 month sentence not because it felt such a sentence was mandatory, but rather, because such a sentence was appropriate.

"To be procedurally reasonable, a sentence must reflect a district court's meaningful consideration of the factors set forth at 18 U.S.C. § 3553(a)."[3] United States v. Lessner, 498 F.3d 185, 203 (3d Cir. 2007). "A sentencing court need not make findings as to each factor if the record otherwise makes clear that the court took the factors into account." Id. In addition, "[t]here are no magic words that a district judge must invoke when sentencing, but the record should demonstrate that the court considered the § 3553(a) factors and any sentencing grounds properly raised by the parties which have recognized legal merit and factual support in the record." United States v. Cooper, 437 F.3d 324, 332 (3d Cir. 2006), abrogated on other grounds by United States v. Wells, 279 Fed. App'x 100 (3d Cir. 2008) . "Moreover, district court judges are not required 'to routinely state by rote that they have read the Booker decision or that they know the sentencing guidelines are now advisory.'" United States v. Dragon, 471 F.3d 501, 505 (3d Cir. 2006) (quoting Cooper, 437 F.3d at 329)). "In

---

[3] Under 18 U.S.C. §3553(a), the factors that a district court must consider include:
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed–
  (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide punishment for the offense
  (B) to afford adequate deterrence to criminal conduct
  (C) to protect the public from further crimes of the defendant; and
  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for [ ] the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines...;

(5) any pertinent policy statement [ ] issued by the Sentencing Commission...subject to any amendments made to such policy statement by act of Congress... and [ ] that, except as provided in section 3472(g), is in effect on the date the defendant is sentenced;
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

similar fashion, judges need not routinely state that they have read the entire guidelines manual or all policy statements of the United States Sentencing Commission." Id.

With these principles in mind, this Court's "meaningful consideration" of the Section 3553(a) factors is clearly evidenced by the record. While the Sentencing Guidelines constituted one of the factors considered by the Court, they were treated in an advisory capacity only. In fact, this Court began its analysis by referring to the Pre-Sentence Investigation Report, which clearly indicates that the Guidelines are advisory. The Court also gave attention to arguments from both Petitioner and the Government. In doing so, the Court specifically acknowledged its consideration of the various letters submitted by Petitioner's family. Petitioner was also given the chance to address the Court and argue on his own behalf for a lenient sentence. However, after observing Petitioner's continued claim of innocence, refusal to accept responsibility, and his status as a career offender, coupled with a guilty jury verdict and Guideline range of 360 months to Life, the Court imposed a sentence it believed to be appropriate. Despite the Court's failure to explicitly state that it acknowledged the factors (which it was not required to do), the Court "considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decision-making authority," thereby satisfying Section 3553(a). Rita v. United States, 551 U.S. 338, 356 (2007); see also United States v. Merced, 603 F.3d 203, 215 (3d Cir. 2010).[4]

Consequently, as with Petitioner's other claims, he has failed to demonstrate that his attorney committed an error so serious as to deprive him of a fair proceeding, and has not, therefore, stated

---

[4] In fact, where a sentence imposed falls within a properly calculated Guideline range, as it does here, an even less extensive explanation satisfies the Section 3553(a) factors. See United States v. Morice, 376 Fed. App'x 169, 172 (3d Cir. 2010); United States v. Levinson, 543 F.3d 190, 197 (3d Cir. 2008).

a claim for ineffective assistance of counsel. See Strickland, 466 U.S. at 687.

### iv. Fourth Claim

Petitioner's final claim asserted against his trial attorney is based on his belief that his attorney failed to inform him that he could have entered an open plea, allowing him to potentially benefit from a three-level Acceptance of Responsibility downward adjustment in sentencing. In support of his claim, Petitioner relies exclusively on the Third Circuit's decision in United States v. Booth, 432 F.3d 542 (3d Cir. 2005). Petitioner's argument is without merit.

The instant motion for *habeas* relief is the first, and only, indication of Petitioner's willingness to accept responsibility for his actions. For this reason, Petitioner's case is more analogous to United States v. Gonzalez-Rivera, 217 Fed. App'x 166 (3d Cir. 2007), than Booth. In Gonzalez-Rivera, the defendant relied on Booth in support of his claim for ineffective assistance based on his attorney's failure to inform him of his plea options. The Third Circuit rejected the defendant's argument, explaining, in relevant part:

> The facts of Booth are distinguishable from the facts of this case. Gonzalez-Rivera maintained his innocence throughout these proceedings and therefore was not willing, as was Booth, to plead guilty to the charges against him. The prejudice that resulted to Booth stemmed from his willingness to plead guilty to the charges, coupled with his counsel's failure to inform him that he had an option of pleading open...

Id. at 170. In drawing this distinction, the Third Circuit held that a petitioner fails to show prejudice for purposes of Strickland, where he "argues summarily that he would have accepted a plea agreement and that there is a reasonable probability that his sentence would have been more favorable had he pursued a plea agreement." Id.; see also United States v. Jackson, 2010 WL 1688543, *3 - 4 (E.D.Pa. Apr. 27, 2010). In such a situation, "[t]he alleged prejudice that [a

petitioner] may have suffered as a result is far too speculative." Gonzalez-Rivera, 217 Fed. App'x at 170.

Just as in Gonzalez-Rivera, here, Petitioner has always maintained his innocence. Unlike the defendant in Booth, Petitioner never expressed a willingness to plead guilty to the charges against him. Any willingness by Petitioner to accept responsibility, and in turn, agree to an open plea is "belied by the" record in this case. Gonzalez-Rivera, 217 Fed. App'x at 170. For example, the Pre-Sentence Investigation Report stated that Petitioner refused to accept responsibility, and that he voiced an intention to file an appeal after sentencing. During the sentencing proceeding, Petitioner continued to profess his innocence and even went as far as to express his disbelief as to the jury's decision to return a guilty verdict. See Gov't Br. Ex. B at 8 - 9. Other than Petitioner's self-serving affidavit, he has not furnished any factual basis suggesting a willingness on his part to accept responsibility for the charges against him. In fact, Petitioner does not even argue that he would have accepted an open plea, but rather, asserts that he "might have considered" the option. See Pet'r Br. Ex. 1. Given the record, Petitioner has not clearly shown that he would be entitled to an additional decrease for accepting his responsibility in spite of his continued claims of innocence. See United States v. Bennett, 161 F.3d 171, 196 (3d Cir. 1998) (defendant bears the burden of proving he is entitled to downward adjustment under Sentencing Guidelines for acceptance of responsibility and the district court's determination is not limited solely to whether the defendant entered a guilty plea); U.S.S.G. § 3E1.1. As a result, any alleged prejudice suffered by Petitioner is "far too speculative." Gonzalez-Rivera, 217 Fed. App'x at 170.

In light of an insufficient showing of prejudice, the Court need not address whether the performance of Petitioner's counsel was deficient. See Strickland, 466 U.S. at 697 ("A court need

not determine whether counsel's performance was deficient before examining the prejudice suffered...If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which...will often be so, that course should be followed.").

Petitioner's four claims asserted against his trial counsel, Thomas J. Butler, Esq., are **dismissed**.

### 2. Appellate Counsel

Petitioner also alleges three potential deficiencies with the performance of his appellate counsel, Paul W. Bergrin, Esq. In particular, Petitioner asserts that Mr. Bergrin's performance was constitutionally inadequate because he failed to file a brief with merit, failed to make himself available to Petitioner, and failed to notify Petitioner that his appeal was affirmed. As with the claims levied against his trial counsel, Petitioner has failed to demonstrate the requisite prejudice needed to sustain a claim for ineffective assistance of appellate counsel under Strickland.[5]

Petitioner's first argument is that his appellate counsel was ineffective for the same reasons as his trial counsel–namely, for not raising on direct appeal, any of the aforementioned issues that this Court erred at sentencing. See Pet'r Br. at 11. As discussed, Petitioner's arguments are unfounded. The decision by Petitioner's trial counsel not to raise arguments advanced by Petitioner in the instant petition did not fall below the standard of reasonableness expressed in Strickland, nor would the outcome have been different if raised. For the same reasons, the decision of Petitioner's appellate counsel not to raise those issues on direct appeal did not violate Petitioner's Sixth Amendment rights. Accordingly, Petitioner's first argument as to his appellate counsel is dismissed.

---

[5] Claims of ineffective assistance of appellate counsel are evaluated under the same Strickland standards applicable to trial counsel. See Lewis v. Johnson, 359 F.3d 646, 656 (3d Cir. 2004)

See Reid v. Ricci, 2008 WL 2984207, *9 (D.N.J. July 31, 2008) ("[I]n order to prevail on a claim that appellate counsel was ineffective, a petitioner must show not only that counsel's performance fell below an objective standard of reasonableness, but also that there was a reasonable probability, but for counsel's deficiency in raising the arguments on appeal, that the conviction would have been reversed on appeal.") (citing Buehl v. Vaughn, 166 F.3d 163, 173-74 (3d Cir. 1999), cert. dismissed, 527 U.S. 1050 (1999)).

Next, Petitioner asserts that "counsel never made himself available [to allow Petitioner] to assist in preparing and submitting a brief to the appellate court[.]" Pet'r Br. at 12. At the time of his appeal, Petitioner's appellate counsel was preoccupied with his own legal troubles, resulting in potential conflict of interests as to his representation of Petitioner, more specifically, his potential inability to zealously handle Petitioner's appeal. Petitioner now contends his appellate counsel's performance violated the Sixth Amendment.

"The Sixth Amendment guarantees a criminal defendant counsel's 'undivided loyalty free of conflict of interest.'" Hess v. Mazurkiewicz, 135 F.3d 905, 910 (3d Cir. 1998) (quoting Government of Virgin Islands v. Zepp, 748 F.2d 125 (3d Cir. 1984)). In the context of an ineffective assistance claim based on a conflict of interest, prejudice will be presumed where "an actual conflict of interest tainted counsel's performance." Strickland, 466 U.S. at 692. However, a defendant may voluntarily waive his right to the "assistance of an attorney unhindered by a conflict of interests." Holloway v. Arkansas, 435 U.S. 475, 483 n.5 (1978).

Here, the Government filed a motion to remand Petitioner's appeal to the District Court for purposes of considering a potential conflict of interest. On June 7, 2007 and July 27, 2007, the Court conducted hearings to ascertain whether Petitioner had waived any conflict in connection with his

representation by Mr. Bergrin. During these hearings, the Court informed Petitioner of the facts giving rise to a potential conflict of interest with Mr. Bergrin, of Petitioner's right to a conflict-free representation, and that the Court would furnish independent counsel to advise Petitioner if he so wished. See Crim. No. 04-318, Docket Entry No. 39. Despite the existence of a conflict, Petitioner knowingly and voluntarily waived his right to conflict-free representation and instructed the Court of his desire to proceed with Mr. Bergrin as his legal counsel in connection with his appeal. See id. By waiving his right to conflict-free representation, Petitioner also waived any ineffective assistance claims stemming from his attorney's conflict of interest, which in this case meant that his attorney may be too preoccupied with his own legal troubles to make himself available to Petitioner. Petitioner's second argument as to his appellate counsel is without merit.

Finally, Petitioner contends that his appellate counsel was ineffective for failing to notify him that his appeal was affirmed, thus depriving him of the right to petition to the Third Circuit for rehearing en banc or to file a writ of certiorari with the Supreme Court of the United States. Pet'r Br. at 12.

"The Court of Appeals for the Third Circuit disfavors petitions for rehearing or rehearing en banc." Hall, 2010 WL 1816796, *5; see also 3d Cir. L.A.R.35.4 (2010). In United States v. Coney, the Third Circuit stated that appellate counsel, "having appropriately briefed...an appeal, is not under an obligation to file a petition for rehearing or rehearing en banc...The determination whether to file rests with sound professional judgment of the attorney in light of all the circumstances..." 120 F.3d 26, 27 (3d Cir. 1997). Likewise, Local Appellate Rule 35.1 provides that counsel should only file a petition if he or she believes that:

> the panel decision is contrary to decisions of the United States Court of Appeals for

> the Third Circuit or the Supreme Court of the United States, and that consideration by the full court is necessary to secure and maintain uniformity of decisions in this court...that this appeal involves question of exceptional importance.

3d Cir. L.A.R. 35.1 (2010); see also Fed. R. App. P. 35.

The denial of Petitioner's appeal by the Court of Appeals was not contrary to any decision by the Third Circuit or the Supreme Court of the United States, nor did it raise any questions of exceptional legal importance. As a result, Petitioner cannot sustain a claim for ineffective assistance under Strickland because his appellate attorney was under no obligation to file a petition for rehearing, and therefore, Petitioner incurred no prejudice. In fact, in reviewing Petitioner's appeal, the Third Circuit concluded that "[Petitioner's] appeal lacks merit." See Civ. No. 04-318 Docket Entry No. 40-1. Thus, a decision by Petitioner's appellate counsel not to seek reconsideration is within counsel's sound professional judgment.

Petitioner's allegation that his attorney's conduct deprived him of his right to file a writ of certiorari with the Supreme Court of the United States is also unfounded. "[A] criminal defendant does not have a constitutional right to counsel to pursue....applications for review in th[e] [Supreme] Court." Ross v. Moffitt, 417 U.S. 600, 617 (1974); see also Wainright v. Torna, 455 U.S. 586, 587-88 (1982) (same). Indeed, "[a] review on writ of certiorari is not a matter of right, but of judicial discretion, and will be granted only when there are special and important reasons therefore." Sup. Ct. R. 17. Since a defendant has no constitutional right to counsel for purposes of seeking Supreme Court review, "he [cannot] be deprived of the effective assistance of counsel by his retained counsel's failure to file the application timely." Wainright, 455 U.S. at 587-88. Bearing these principles in mind, even if Petitioner was not informed that his appeal was affirmed (which does not

appear to be the case)[6], a failure to file a writ for certiorari is not grounds for an effective assistance claim. See United States v. Ferrell, 730 F.Supp. 1338, 1340 (E.D. Pa. 1989).

Petitioner's ineffective assistance claim asserted against his appellate counsel, Paul W. Bergrin, Esq., is **dismissed**.

### 3. Remaining Claims

Among Petitioner's numerous arguments in support of his *habeas corpus* petition, he asserts that this Court, notwithstanding the alleged deficiencies of his attorneys, committed several errors at sentencing. Petitioner contends the Court erred in failing to group Counts One and Three, rather than treat them as consecutive sentences, failed to state specific reasons for the sentences, and improperly treated the Guidelines as mandatory in violation of Booker. Pet'r Br. at 9 - 10. Petitioner, however, failed to raise any of these arguments on direct appeal to the Third Circuit.

It is well established that relief under 28 U.S.C. § 2255 is not available to correct errors that could have been raised at trial or on direct appeal. See United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993). "If a petitioner attempts to raise issues in a Section 2255 petition that have not been exhausted at trial or on direct appeal, the petition will be procedurally barred." DiModica v. United States, 2007 WL 2212853, *2 (D.N.J. July 31, 2007) (unpublished) (citing United States v. Jenkins, 333 F.3d 151, 154-55 (3d Cir. 2003)). To avoid this procedural default, a convicted defendant "must show both (1) 'cause' excusing the procedural default and (2) 'actual prejudice' resulting from the error of which he complains." Frady, 456 U.S. at 167-68. "[C]ause under the cause and prejudice test mus be something *external* to the

---

[6] The Court notes, Petitioner attached an undated letter from Petitioner to Mr. Bergrin stating that Petitioner was informed on February 8, 2009 that his appeal had been affirmed by the Third Circuit on January 13, 2009. See Pet'r Br. Ex. 2.

petitioner that cannot be fairly attributable to him[.]" Coleman v. Thompson, 501 U.S. 722, 753 (1991) (emphasis in original). In order to show prejudice, a petitioner "must show that the trial judge's error did more than create a possibility of prejudice: the error must be shown to have 'worked to his actual and substantial disadvantage.'" O'Halloran v. Ryan, 704 F.Supp. 70, 74 (E.D.Pa. 1989), aff'd, 96 F.3d 1435 (3d Cir. 1996).

Petitioner has not offered any cause excusing his procedural default, although he has alleged ineffective assistance. A successful showing of ineffective assistance may show cause for a procedural default, see Coleman, 501 U.S. at 753-54, but as noted earlier, Petitioner's ineffective assistance claims failed to meet the requisite prejudice needed under Strickland. Nor has Petitioner demonstrated that the Court committed errors capable of producing "actual prejudice." See Section II.B.1 supra (noting that the Court correctly calculated the Guideline range, did not treat the Guidelines as mandatory, and gave meaningful consideration to the § 3553(a) factors). As a consequence of Petitioner's failure to raise these arguments on direct appeal, he is now procedurally barred from doing so in his petition for *habeas* relief.

### III.  CONCLUSION

For the foregoing reasons, Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 18 U.S.C. § 2255 is **denied.** An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Dated:      October     28   , 2010
Original:   Clerk
cc:         All Counsel of Record
            File